IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JOSHUA KANE WEHNES,

    Defendant.

Case No. 3:22-cr-00021-SLG-KFR

**FINAL REPORT AND RECOMMENDATION UPON A PLEA OF GUILTY**

Upon Defendant's request to enter a guilty plea, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, to Counts One and Two of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), Possession with the Intent to Distribute a Controlled Substance, and 18 U.S.C. § 924(c)(1)(A)(i), Possession of a Firearm in Furtherance of Drug Trafficking, respectively, [Doc. 2], the District Court referred this matter to the Magistrate Judge, with the written and verbal consents of Defendant, counsel for Defendant, and counsel for the United States.

Thereafter, the matter came before this Court for a hearing on Defendant's guilty plea, in full compliance with Rule 11, Federal Rules of Criminal Procedure, in open court and on the record.

The parties reached a plea agreement that incorporated Fed. R. Crim. P. 11(c)(1)(A) and (C). Under these provisions, the United States agreed not to pursue additional charges against Defendant, and to enter a joint recommendation with Defendant for a specific sentence of 90 months' imprisonment and five years' supervised release. Both parties reserved the right to withdraw from the plea agreement should the District Court not follow their joint sentencing recommendation.

At the change of plea hearing, the Court conducted a plea colloquy. As to the issue of the appropriate maximum punishment for the offenses to which Defendant agreed to plead guilty, the Court raised concerns and conducted an additional inquiry to ensure Defendant's understanding of the possible punishments that applied to his case. The Court determined that such an inquiry was necessary to ensure that Defendant's plea was knowing and voluntary.[1]

Specifically, the Court addressed with the parties the issue of the proper maximum punishment in this case for Count One, Possession with the Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). The United States indicted Defendant for a violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and specifically alleged in the Indictment possession of "50 grams or more of pure methamphetamine,"[2] a quantity sufficient to trigger a mandatory minimum sentence of imprisonment of 10 years, a maximum sentence of life, a terms of supervised release of not less than five years, and a maximum fine of $10 million.[3] Pleading drug type and quantity, while not an element of the offense of conviction, is necessary because had the "case gone to trial, the government would have been required to prove beyond a reasonable doubt that [Defendant] possessed [at least 500 grams of a mixture and substance of methamphetamine]."[4]

Pursuant to the plea agreement, Defendant agreed to plead guilty to Count One, "Possession with Intent to Distribute a Controlled Substance, a violation of 21

---

[1] *See United States v. Sykes*, 658 F.3d 1140, 1146 (9th Cir. 2011) ("A failure to ensure that a defendant understands the range of exposure may violate the requirement that a guilty plea be 'knowing and voluntary.'") (citations omitted).

[2] Doc. 2.

[3] *See* Doc. 2 at 1-2 (alleging that Defendant possessed with intent to distribute "50 grams or more of pure methamphetamine" and charging a "violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).")

[4] *United States v. Thomas*, 355 F.3d 1191, 1198 (9th Cir. 2003) (holding that due process concerns require notice of enhanced sentencing provision to a defendant and proof of those facts beyond a reasonable doubt); *see also United States v. Buckland*, 289 F.3d 566. 568 (9th Cir. 2002) (holding that a jury determination as to the enhanced punishment provisions is relevant to sentencing, but not to guilt).

U.S.C. § 841(a)(1), (b)(1)(C),"[5] a charge the government characterized at the change of plea hearing as a lesser-included offense of the original count. The plea agreement correctly stated that the maximum punishment for a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) was up to 20 years' imprisonment, a term of supervised release of not less than three years and up to life, a fine of $1,000,000, and a $100 special assessment.[6]

In support of Defendant's plea, the signed plea agreement contained a Factual Basis in which Defendant admitted to each of the elements of the offenses to which he was pleading guilty. As it concerned Count 1, Possession with the Intent to Distribute a Controlled Substance, those elements were that he knowingly possessed a controlled substance, and that he possessed the controlled substance with the intent to distribute it.[7] In addition, the Factual Basis also stated that Defendant "did possess with the intent to distribute over 400 grams of a mixture and substance containing a detectable amount of methamphetamine."[8]

Because of his admission in the plea agreement to possessing with the intent to distribute more than 400 grams of a mixture and substance containing a detectable amount of methamphetamine, the Court advised Defendant during the plea colloquy, and prior to his admission on the record to the facts contained in the Factual Basis, that it believed the appropriate punishment for his plea to Count One was not found at 21 U.S.C. § 841(b)(1)(C) as described in his plea agreement. Rather, because Defendant was admitting in his Factual Basis that he possessed with the intent to distribute over 400 grams of a mixture and substance containing methamphetamine, the proper punishment was contained at 21 U.S.C. § 841(b)(1)(B). Under this subsection, anyone convicted of possessing more than 50 grams of a mixture and substance containing a detectable amount of

---

[5] Doc. 33 at 3.
[6] *Id.* at 5.
[7] *See* 9th Circuit Model Criminal Jury Instruction 12.1.
[8] *Id.* at 4.

Final R&R re: Guilty Plea  3
*United States v. Wehnes*
3:22-cr-00021-SLG-KFR

methamphetamine, but less than 500 grams, is subject to a term of imprisonment of not less than 5 years and up to 40 years in prison; a term of supervised release of not less than 4 years and up to life; a $5 million fine; and a $100 special assessment.[9]

The Court's disagreement with the parties about the proper statutory maximum punishment in this case hinges on the critical fact of whether drug type and quantity are elements of the offense of conviction. The Court finds that drug type and quantity are not elements of the offense of conviction.[10] As a result, the only elements necessary to find Defendant guilty of Count One, Possession with the Intent to Distribute a Controlled Substance, are his knowing possession of a drug, and his possession of that drug with the intent to distribute it.[11] Drug type and quantity are elements to be proven beyond a reasonable doubt only as they relate to the proper sentence to be imposed following a conviction for the substantive offense.[12]

Defendant's admission in the Factual Basis and during the plea colloquy that he possessed with the intent to distribute over 400 grams of methamphetamine established that fact beyond a reasonable doubt for purposes of increasing the potential sentence a defendant may receive.[13] Once a sufficient quantity of a

---

[9] 21 U.S.C. § 841(b)(1)(B). After being advised of the Court's position and consulting with Defense Counsel, Defendant also agreed while under oath during the plea colloquy with the facts contained in the Factual Basis.

[10] *See United States v. Hunt*, 656 F.3d 906, 912 (9th Cir. 2011) ("A guilty plea constitutes an admission to the formal elements of the offense. We have held, however, that drug quantity and type are not formal elements of the offenses set out in 21 U.S.C. § 841."); *see also United States v. Juaregui*, 918 F.3d 1050, 1055 (9th Cir. 2019) (unpublished) ("[D]rug type and quantity are not elements of the offense under § 841") (quoting *Thomas*, 355 F.3d 1191, 1195 (9th Cir. 2003)).

[11] *See* 9th Circuit Model Criminal Jury Instruction 12.1; *see also United States v. Hunt*, 656 F.3d at 912 ("[A] defendant can plead guilty to 21 U.S.C. § 841(a) without admitting to a type of drug.").

[12] *See* Model Criminal Instruction 12.2, which directs that the jury should find whether a defendant possessed a quantity of drugs only if they first find the defendant guilty of the substantive drug offense.

[13] *See Blakely v. Washington*, 542 U.S. 296, 303 (2004) ("Our precedents make clear, however, that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a
<mark>Final R&R re: Guilty Plea</mark>
*United States v. Wehnes*
3:22-cr-00021-SLG-KFR

4

particular drug has been proven beyond a reasonable doubt, the Court believes that the sentencing court no longer has discretion to sentence below the mandatory minimum.[14] The result is that, in this case, Defendant's admission significantly increases his possible term of imprisonment, his minimum term of supervised release, and his possible fine amount from what he originally understood those punishments to be at the time he signed his plea agreement.

The case of *United States v. Haynes* is illustrative on this point.[15] In *Haynes*, the defendant pled guilty to conspiracy to manufacture marijuana, a violation of 21 U.S.C. § 841(a)(1).[16] During his plea, the defendant admitted he conspired to manufacture more than 1,000 plants, the threshold necessary to invoke a 10-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A).[17] The District Court sentenced the defendant to less than 10 years, and the 9th Circuit reversed.[18] The Circuit Court held that while the defendant pled only to 21 U.S.C. § 846, because he admitted to possessing more than 1,000 marijuana plants, and neither the safety valve or cooperation exceptions applied, "the [District] Court lacked the authority to refuse to impose the 10-year mandatory minimum."[19]

At least one other Circuit appears to have reached a similar conclusion. In *United States v. Paulette*, the defendant pled guilty to conspiracy to distribute

---

judge may impose solely on the basis of the facts reflected in the jury verdict <u>or admitted by the defendant</u>.") (emphasis added).
[14] *See* 21 U.S.C. § 841 ("In the case of a violation of subsection (a) of this section involving...50 grams or more of a mixture and substance containing a detectable amount of methamphetamine...<u>shall be sentenced</u> [as directed herein]." (emphasis added).
[15] *See* 216 F.3d 789, 799 (9th Cir. 2000).
[16] *Id.* at 799.
[17] *Id.*
[18] *Id.*
[19] *Id.* ("The language of 841(b)(1)(A), which states that a defendant *shall* be sentence to a term of at least ten years, is mandatory, not optional."); *see also United States v. Barragan*, 136 Fed.Appx. 25 (9th Cir. 2005) (unpublished) and *United States v. Alvarez,* 220 Fed.Appx. 681 (9th Cir. 2007) (unpublished), which both upheld mandatory minimum sentences where the defendants pled to the elements of § 841 only, but admitted in their Factual Bases to quantities of drugs sufficient to trigger the mandatory minimum.

controlled substances, and stated in his plea colloquy only that he "sold drugs" and "violated the law."[20] The defendant also admitted in his plea agreement that "the amount of cocaine that was involved in the conspiracy...was five kilograms or more, and the amount of methamphetamine (actual) that was involved in the conspiracy...was 50 grams or more."[21] In upholding the defendant's sentence above the mandatory minimum, the 7th Circuit stated that a "plea of guilty admits only the essential elements of the offense," and agreed with the 9th Circuit that "[d]rug type and quantity are not essential elements[.]"[22] However, by confessing in the plea agreement to "more than just the essential elements of the offense," the defendant admitted that his conspiracy involved more than 5 kilograms of cocaine and more than 50 grams of methamphetamine, thereby making application of the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) appropriate.[23]

The Court believes the plea agreement in this case requires a similar result. The Court also recognizes that its analysis may be purely academic. The parties' plea agreement is pursuant to Fed. R. Crim. P. 11(c)(1)(C), with an agreed upon joint recommendation of 90 months' imprisonment and five years of supervised release. This recommended sentence is both above the mandatory minimum under 21 U.S.C. § 841(b)(1)(B), and well below both the 20-year and 40-year maximum sentences of imprisonment available under either (b)(1)(B) or (b)(1)(C), as well as the lifetime term of supervised release available under both sentencing provisions. Should the Defendant find himself facing the prospect of a sentence greater than 20 years on Count One, he has the option under the plea agreement to withdraw his plea.

Moreover, the sentence of imprisonment the Court believes applicable to Count One falls within the range under which Defendant could be sentenced based solely on his plea to Count Two, Possession of a Firearm in Furtherance of Drug

---

[20] 858 F.3d 1055 (7th Cir. 2017).
[21] *Id.*
[22] *Id.* at 1059.
[23] *Id.* at 1060.

Final R&R re: Guilty Plea 6
*United States v. Wehnes*
3:22-cr-00021-SLG-KFR
Case 3:22-cr-00021-SLG-KFR   Document 39   Filed 10/20/22   Page 6 of 10

Trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Upon a conviction for this crime, the potential sentence of imprisonment is not less than five years and up to life. With the exception of any fine the sentencing court might impose greater than $1 million – an extremely unlikely outcome for this Defendant who is represented by court-appointed counsel - it is difficult to foresee a sentence imposed by the District Court that would work actual prejudice on Defendant in light of his plea agreement, and the sentences under 21 U.S.C. 841(b)(1)(C) and 18 U.S.C. § 924(c)(1)(A)(i) he believed applied to him at the time he signed his plea agreement.[24]

Nonetheless, informing Defendant of the proper maximum sentence is essential to ensuring that his plea is knowing and voluntary.[25] This is so because the potential punishments a defendant might face could factor into their decision to plead or go to trial. In this case, informing Defendant of the possible higher sentencing range for Count One based upon the facts to which he admitted may affect his personal calculation as to how he may be sentenced, or whether the District Court is likely to accept the Fed. R. Crim. P. 11(c)(1)(C) agreement, and may lead him to a different decision than the one he made at the time he signed his plea agreement.

That did not occur in this case. After being informed of the fact that he may be subject to a higher sentencing range under 21 U.S.C. § 841(b)(1)(B), Defendant stated that he understood that he could be punished under 21 U.S.C. § 841(b)(1)(B), as opposed to (b)(1)(C). With this information, Defendant agreed to continue with his guilty pleas.[26]

---

[24] In addition, at the change of plea hearing, the United States stated that in the event the District Court indicated that it intended to sentence Defendant to more than 20 years on Count One, and Defendant chose to withdraw his plea under Fed. R. Crim. P. 11(c)(1)(C), the United States would honor the agreement in its current form in any subsequent plea agreements with Defendant.

[25] *See United States v. Sykes*, 658 F.3d at 1146 (9th Cir. 2011) ("A failure to ensure that a defendant understands the range of exposure may violate the requirement that a guilty plea be 'knowing and voluntary.'") (citations omitted).

[26] In a Text Order, the Court asked the parties to brief the issues described herein. *See* Doc. 35. The parties filed a joint response. *See* Doc. 36. The parties argued that the

Final R&R re: Guilty Plea 7
*United States v. Wehnes*
3:22-cr-00021-SLG-KFR

Case 3:22-cr-00021-SLG-KFR   Document 39   Filed 10/20/22   Page 7 of 10

In consideration of the change of plea hearing and the colloquy made by Defendant under oath, on the record, in the presence of counsel, and the remarks of the Assistant United States Attorney,

**A. I make the following FINDINGS – that Defendant understands:**

- ☒ That any false statements made by Defendant under oath may later be used against him in a prosecution for perjury;
- ☒ The right to persist in a plea of not-guilty;
- ☒ The consequences of not being a United States citizen;
- ☒ The nature of the charges against Defendant;
- ☒ The loss of certain federal benefits;
- ☒ The maximum possible sentence, including imprisonment, fine, supervised release, and any applicable mandatory minimum sentence;
- ☒ The Court's authority to order restitution;
- ☒ The mandatory special assessment;
- ☒ Any applicable forfeiture;
- ☒ The right to a speedy and public trial by jury;
- ☒ The right to be represented by counsel and, if necessary, to have the court appoint counsel at trial, and at every other stage of the proceedings;
- ☒ The right to: confront and cross-examine adverse witnesses, to remain silent, to testify and present evidence, and to compel the attendance of witnesses;
- ☒ That a plea of guilty operates as a waiver of trial rights;
- ☒ That Defendant knowingly, intelligently, and voluntarily waives all right to appeal or collaterally attack (except on the grounds of ineffective assistance of counsel and the voluntariness of his plea); and

---

proposed plea agreement and Factual Basis were not in conflict. The Court respectfully disagrees.

Final R&R re: Guilty Plea 8
*United States v. Wehnes*
3:22-cr-00021-SLG-KFR

Case 3:22-cr-00021-SLG-KFR   Document 39   Filed 10/20/22   Page 8 of 10

☒ That in determining a sentence, the court's obligation to calculate the applicable sentencing guideline range pursuant to the Sentencing Guidelines promulgated by the United States Sentencing Commission and to consider that range, as well as departures under the Sentencing Guidelines, and variances under 18 U.S.C. §3553(a).

**B. I further FIND:**
1. Defendant is competent to enter an informed plea;
2. Defendant is aware of his rights and has had the advice of legal counsel;
3. That the pleas of guilty by Defendant have been knowingly and voluntarily made and are not the result of force, threats, or coercion;
4. Any agreements or promises which induced the pleas of guilty are set forth in the written plea agreement or on the record; and
5. That there is a factual basis for Defendant's pleas.

**B. I RECOMMEND:**

☒ That the District Court accept Defendant's pleas of guilty to Counts One and Two of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), Possession with the Intent to Distribute a Controlled Substance, and 18 U.S.C. § 924(c)(1)(A)(i), Possession of a Firearm in Furtherance of Drug Trafficking, respectively.

☒ That the District Court accept Defendant's admissions to the Criminal Forfeiture Allegations.

**D. IT IS ORDERED:**

That a Presentence Report be prepared by the U.S. Probation Office.
1. Any objection(s) to the presentence report shall be filed no later than fourteen (14) days after receiving the presentence report (Fed. R. Crim. P. 32(f)(1));
2. Any sentencing memorandum shall be filed no later than seven (7) business days prior to sentencing (D.Ak. L.Cr.R. 32.1(d)).

The Sentencing hearing will be before the United States District Judge. The court excludes time from October 18, 2022, until the time of sentencing pursuant to 18 U.S.C. §3161(h)(1)(G) on the grounds that the District Judge will be considering the proposed plea agreement.

DATED this 19th of October 2022, at Anchorage, Alaska.

*s/* Kyle F. Reardon
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

This Report and Recommendation is being issued as a Final Report and Recommendation. Pursuant to Fed. R. Crim P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation following de novo review. Any objections must be filed within seven (7) days from the date of service of this Report and Recommendation. The shortened objection deadline is due to the request of the District Court Judge. Fed. R. Crim P. 59(b)(2) and D. Ak. L.M.R. 6(a) authorizes the court to alter the standard objection deadlines.

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.[27]

---

[27] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).