# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSHUA KANE WEHNES,<br><br>　　　　　　Defendant. | Case No. 3:22-cr-00021-SLG-KFR |

### ORDER RE FINAL REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY

A plea agreement was filed in this case at Docket 33. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this matter was referred to the Honorable Magistrate Judge Kyle Reardon by the District Court, with the written and oral consents of Defendant, counsel for Defendant, and counsel for the United States. A proposed change of plea hearing was held before the Magistrate Judge at which Defendant entered a guilty plea to Count One of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), Possession with the Intent to Distribute a Controlled Substance, and Count 2 of the Indictment, charging a violation of 18 U.S.C. § 924(c)(1)(A)(i), Possession of a Firearm in Furtherance of Drug Trafficking. Defendant also admitted Criminal Forfeiture Allegations Nos. 1 and 2. The parties' agreement was pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C) and included a joint recommendation of a sentence of 90 months' imprisonment: 30

months on Count 1 followed by 60 months on Count 2. In the factual basis for the plea agreement, Defendant admitted that he possessed 400 grams of a mixture containing methamphetamine. A person found guilty of possessing that quantity of a mixture containing methamphetamine is subject to a mandatory minimum sentence of imprisonment of five years pursuant to 21 U.S.C. § 841(b)(1)(B). But Defendant did not plead to the possession of that quantity as an element of the offense. Rather, he pleaded guilty only to simple possession under § 841(b)(1)(C) of the statute, which has no mandatory minimum term of imprisonment up to a maximum 20 years' incarceration.

Judge Reardon issued a Final Report and Recommendation at Docket 39 in which he recommended that the District Court accept Defendant's pleas of guilty to Counts 1 and 2 of the Indictment and accept Defendant's admission to the Criminal Forfeiture Allegations. However, Judge Reardon determined that since Defendant had admitted in the factual basis for the plea that he possessed 400 grams of a mixture containing methamphetamine, the applicable punishment range was not under § 841(b)(1)(C); rather, the applicable range was under subsection (b)(1)(B), which carries a mandatory minimum term of five years up to a term of 40 years in prison. The Magistrate Judge reasoned that because Defendant admitted in the plea colloquy that he possessed that quantity of a mixture containing methamphetamine, that fact had been established beyond a reasonable doubt. The Magistrate Judge cited to a Ninth Circuit decision, *United*

Case No. 3:22-cr-00021-SLG-KFR, *United States v. Wehnes*
Order Re Final Report and Recommendation of the Magistrate Judge Upon a Plea of Guilty
Page 2 of 5

Case 3:22-cr-00021-SLG-KFR   Document 42   Filed 11/07/22   Page 2 of 5

*States v. Haynes*, 216 F.3d 789, 799 (9th Cir. 2000), which had held that the District Court lacked the authority to sentence below the mandatory minimum sentence where the defendant had admitted to possessing a quantity of controlled substances that met the threshold necessary to invoke the mandatory minimum. The Magistrate Judge also cited to other Ninth Circuit authority that had held that "drug quantity and type are not formal elements of the offense of conviction."[1] After apprising Defendant that the potential penalties on Count 1 ranged from the five year mandatory minimum up to 40 years, Defendant nonetheless elected to go forward with the change of plea and forfeiture admissions, and the Magistrate Judge made the requisite Rule 11 findings and recommended that this Court accept Defendant's pleas of guilty to Counts One and Two of the Indictment and accept his admissions to the Criminal Forfeiture Allegations.

At Docket 41, the Government filed objections to the Final Report and Recommendation. The Government maintains that the Magistrate Judge erred in his determination that Defendant had pleaded guilty to a drug trafficking crime that carries the five-year mandatory minimum sentence set out in 21 U.S.C. § 841(b)(1)(B). In addition, the Government objects to the Magistrate Judge's conclusion that its analysis on this point was purely academic; rather, noting that the five-year term in Count 2 must run consecutive to Count 1, the Government maintains that "if the Magistrate Judge were correct, the [90 months'] sentence to

---

[1] Docket 39 at 4 (citing *United States v. Hunt*, 656 F. 3d 906, 912 (9th Cir. 2011)).

Case No. 3:22-cr-00021-SLG-KFR, *United States v. Wehnes*
Order Re Final Report and Recommendation of the Magistrate Judge Upon a Plea of Guilty
Page 3 of 5
Case 3:22-cr-00021-SLG-KFR   Document 42   Filed 11/07/22   Page 3 of 5

be imposed under the plea agreement would be illegal."[2]  The Government cites to *Alleyne v. United States*, 570 U.S. 99, 108 (2013), where the Supreme Court held that "[f]acts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." The Government maintains that "[a]dmitting in the factual basis that the defendant did some act which *could* support an enhanced penalty does not mean the defendant has now pleaded guilty to that uncharged offense."[3]

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). The Court has reviewed the Final Report and Recommendation and the Government's objections.  The Court finds merit in the Government's objections and its reliance on *Alleyne* insofar as drug quantity in now an element of the offense.  Defendant pleaded only to a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), which does not have as an element any quantity threshold.  The Government is not seeking the enhanced statutory penalties and the allegations in the factual basis do not change the essential elements of the offense pleaded to by Defendant.  Accordingly, the Court does not adopt this portion of the Magistrate Judge's Final Report and finds that the punishment for Count 1 is as laid out in the parties' Plea Agreement: no mandatory minimum and up to 20 years' imprisonment.

Since this ruling is more favorable to Defendant than was relayed to him at

---

[2] Docket 41 at 1.

[3] Docket 41 at 4.

Case No. 3:22-cr-00021-SLG-KFR, *United States v. Wehnes*
Order Re Final Report and Recommendation of the Magistrate Judge Upon a Plea of Guilty
Page 4 of 5
Case 3:22-cr-00021-SLG-KFR   Document 42   Filed 11/07/22   Page 4 of 5

the change of plea hearing, the Court nonetheless will adopt the Magistrate Judge's findings as set forth on pages 8 through 10 of the Final Report and Recommendation but clarifies that the guilty plea on Count 1 is to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Therefore, IT IS ORDERED that the Court ACCEPTS Defendant's pleas of guilty to Counts 1 and 2 of the Indictment and Defendant is adjudged GUILTY of Counts 1 and 2. The Court also ACCEPTS Defendant's admissions to Criminal Forfeiture Allegations Nos. 1 and 2. An Imposition of Sentence hearing has been scheduled for January 26, 2023 at 10:30 a.m. before District Judge Sharon L. Gleason in Anchorage Courtroom 2.

DATED this 7th day of November, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cr-00021-SLG-KFR, *United States v. Wehnes*
Order Re Final Report and Recommendation of the Magistrate Judge Upon a Plea of Guilty
Page 5 of 5
Case 3:22-cr-00021-SLG-KFR   Document 42   Filed 11/07/22   Page 5 of 5